**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SAMUEL J. HUGHES,

    Petitioner,                     Civil No. 05-60026-AA
                                       HONORABLE MARIANNE O. BATTANI
v.                                UNITED STATES DISTRICT JUDGE

DOUG VASBINDER,

    Respondent,
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Samuel J. Hughes, ("petitioner"), presently confined at the Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction on one count of armed robbery, M.C.L.A. 750.529; M.S.A. 28.797; and two counts of assault with intent to commit murder, M.C.L.A. 750.83; M.S.A. 28.278. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has not filed a response to the motion. For the reasons stated below, petitioner's application for a writ of habeas corpus is summarily dismissed.

## I. Background

Petitioner was convicted of the above charges in the Detroit Recorder's Court and was sentenced on May 3, 1976. Petitioner's direct appeals with the Michigan courts ended on July 13, 1977, when the Michigan Supreme Court denied him leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People v. Hughes,* 59416 (Mich.Sup.Ct. July 13, 1977).

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.* with the trial court on April 4, 2000. [1] The trial court granted petitioner's motion for relief from judgment on June 14, 2002. The prosecutor was granted leave to appeal and the Michigan Court of Appeals reversed the trial court's granting of post-conviction relief. *People v. Hughes,* 242449 (Mich.Ct.App. December 18, 2003). The Michigan Supreme Court rejected petitioner's application for leave to appeal on February 13, 2004, on the ground that it was not filed within the fifty six day time period for filing an application for leave to appeal. [2] The Michigan Supreme Court denied petitioner's motion for reconsideration on October 25, 2004. [3] The instant petition

---

[1] *See* Docket Sheet for *People v. Hughes,* 76-001434-02-FY [Docket Entry # 8 of this Court's docket entries].

[2] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated June 17, 2005 [Docket Entry # 12 of this Court's docket entries].

[3] *See* Letter from Inger Z. Meyer, Deputy Clerk of the Michigan Supreme Court, attached to the petition for writ of habeas corpus.

was filed on January 27, 2005. [4]

## II.  Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.*  The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

---

[4] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on January 27, 2005, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

>   State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied leave to appeal on July 13, 1977. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on October 11, 1977, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court following this second appeal. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).

Because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith*, 126 F. Supp. 2d

4

1073, 1074-75 (E.D. Mich. 2001).  Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *Id.* at 1075.

Petitioner filed a post-conviction motion for relief from judgment with the state trial court on April 4, 2000.  28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).  This tolling provision is applicable to state prisoners like petitioner whose one year limitations period for seeking federal habeas relief began to run on the AEDPA's enactment date. *See Holloway v. Jones,* 166 F. Supp. 2d at 1188.  However, the filing of the post-conviction motion did not delay the date on which petitioner's conviction became final, nor did the limitations period begin to run anew when the state court concluded its review of petitioner's post-conviction motion. *Spencer v. White,* 265 F. Supp. 2d 813, 816 (E.D. Mich. 2003).  Moreover, a state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled. *Smith v. Stegall,* 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001).  If the one year limitations period has already expired, filing a motion for state post-conviction relief will not add new time to the limitations period. *Id.*  Petitioner's post-conviction motion did not affect

5

the one year limitations period, because the limitations period had already expired. *Spencer,* 265 F. Supp. 2d at 816.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The Sixth Circuit also noted that the doctrine of equitable tolling should be used "sparingly." *Dunlap,* 250 F. 3d at 1008-09. The Sixth Circuit concluded that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

In the present case, petitioner is not entitled to equitable tolling of the one year limitations period, because petitioner has failed to allege the existence of any extraordinary circumstances which prevented him from filing his habeas petition on time. *Wilson v. Birkett,* 192 F. Supp. 2d 763, 766-67 (E.D. Mich. 2002). Petitioner's claim that he was time-barred from appealing the Michigan Court of Appeals' reversal of the trial court's grant of post-conviction relief to the Michigan Supreme Court because of prison officials' failure to mail his pleadings to the Michigan Supreme Court would not equitably toll the limitations period, because

this occurred long after the limitations period had expired. "[E]quitable tolling functions to halt an already running limitations period that has not expired; it does not function to revive a stale claim." *Lewis v. United Air Lines, Inc.,* 117 F. Supp. 2d 434, 441 (D.N.J. 2000). Because the alleged failure to timely mail petitioner's application for leave to appeal the reversal of the grant of post-conviction relief to the Michigan Supreme Court occurred long after the limitations period had already expired, he is not entitled to equitable tolling on this basis. *Cf. Dixon v. Ohio,* 81 Fed. Appx. 851, 853 (6th Cir. 2003)(petitioner's placement in solitary confinement after limitations period had expired did not warrant equitable tolling).

The Sixth Circuit held that the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual

innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner has failed to establish his actual innocence to the crimes charged, for purposes of tolling the one year limitations period, because he has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Holloway v. Jones,* 166 F. Supp. 2d at 1191. Accordingly, summary dismissal of the petition is appropriate. *Id.*

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a

substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002); *See also Moore v. Burt,* 2005 WL 2319015, * 4 (E.D. Mich. September 21, 2005). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

9

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Marianne O. Battani
**HON. MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT**

DATED: October 27, 2005